953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
VERNON SAVINGS AND LOAN ASSOCIATION, FSA, Plaintiff-Appellee,
v.
OAKLAWN APARTMENTS, a California general partnership, and
its partners; David T. Starr; Cynthia A. Starr; Keith D.
Starr; Mary Lou Starr; James A. Reep; Fatima J. Reep;
Zan F. Calhoun; Johnny N. Robertson, as personal
representative of the estates of James N. Robertson and
Clella A. Robertson; Johnny N. Robertson; Angela O.
Robertson; Richard B. Adams; Donna L. Adams; Tommy J.
Brown; Clarice E. Brown; 1414 Partnership, an Oklahoma
Partnership; Solon Automated Services, Inc., a Delaware
corporation; Wanda Cavel, County Treasurer of Comanche
County; Board of County Commissioners of Commanche County,
Oklahoma, Defendants,
and
Dan Young; Janet Young; Gary Young; Lola J. Young,
Defendants-Appellants.
 No. 91-6022.
 United States Court of Appeals, Tenth Circuit.
 Jan. 30, 1992.
 
 Before McKAY, Chief Judge, and TACHA and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Appellants Dan Young, Janet Young, Gary Young, and Lola Young (the Youngs) appeal an order of the district court granting summary judgment in favor of plaintiff the Federal Deposit Insurance Corporation (FDIC). On appeal, the Youngs raise three arguments. First, the Youngs contend that the execution of the loan modification constituted a novation of the original note, releasing the Youngs from personal liability. Second, the Youngs argue that the change in the underlying obligation effected by the loan modification agreement exceeds the scope of the reservation of rights clause. Finally, appellants assert that the loan modification agreement operated as an express release of the appellants from liability. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 We review summary judgment orders de novo, using the same standards the district court applies. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986).
 
 
 3
 The Youngs assert that they were released from personal liability by the execution of the loan modification, which constituted a novation of the original note. A novation requires "a mutual agreement among three parties--the creditor, his immediate debtor and the intended new debtor--by which liability is accepted in the place of the original debtor in discharge of the original debt." Poteau State Bank v. Denwalt, 597 P.2d 756, 761 (Okla.1979). Because there is no evidence that the loan modification was intended to release the Youngs from liability, it cannot constitute a novation of the original note.
 
 
 4
 The Youngs also argue that the alteration in the underlying obligation effected by the loan modification exceeds the scope of the reservation of rights clause. The reservation of rights clause specifically addresses this situation and provides that a mortgagor cannot be relieved of liability by reason of any agreement between the mortgagee and subsequent owners modifying the terms of the note or mortgage, even if consent of the mortgagor was not obtained. The Youngs assert that the reservation clause cannot include a modification of the interest rate of the note. However, the reservation clause specifically applies to the modification of terms of the note. It is unquestionable that the interest rate is a term of the note.
 
 
 5
 Finally, the Youngs contend that the loan modification expressly relieves them from personal liability because it requires the written consent of original obligors in order to hold them personally liable on the note. The reservations clause also encompasses this argument. It provides that "the mortgagor ... shall continue to be liable to make such payments according to the terms of any such agreement of extension or modification unless expressly released and discharged in writing by the mortgagee." The Youngs were never expressly released in writing by the mortgagee.
 
 
 6
 The district court's order is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3